*H. T. Reid* and *H. L. Reeves*, for defendant.

———•◦•———

NELSON <i>et al.</i> v. GRAY.

The district courts have concurrent jurisdiction with justices of the peace in all sums under one hundred dollars.

After the death of a party is suggested, it is error to render judgment against him.

Where a judgment is rendered upon a bond, it should be for the amount of the penalty; with an order that an execution issue only for the amount of damages proved to have been sustained by the breaches.

### *Error to Lee District Court.*

*Opinion by* KINNEY, J.   This was an action of debt commenced in the district court by Gray, for the use of Welsh, against Nelson and Dawson, upon a replevin bond executed by them jointly and severally in the penal sum of eighty dollars. After much interlocutory pleading a trial was had and the jury found a verdict for plaintiffs in the sum of forty two dollars and forty cents, and costs. A motion for a new trial was made and overruled. The plaintiffs assign the following for error:

1st. Said bond being under one hundred dollars, said district court had no jurisdiction.

2d. That the judgment is rendered against Dawson and Nelson, the latter of whom the record shows was dead at the time of the rendition of said judgment.

3d. That the jury found a verdict of $42,40 which is inconsistent with the declaration, eighty dollars being the penal sum of the bond, and the amount for which judgment in debt ought to have been rendered.

The first assignment attacks the judgment of the district court for want of jurisdiction, where the amount claimed is under one hundred dollars. The constitution provides that the district court shall be a court of law, and equity, and have jurisdiction in all civil and criminal matters arising in their respective districts, in such manner as shall be prescribed by law. Art. 6, § 4. It also provides that the jurisdiction of justices of the peace, shall extend to all civil cases (except cases in chancery and cases where the title to any real estate may rise,) where the amount in controversy does not exceed one hundred dollars. Art. 12, § 1. It was claimed in the argument that this last clause gave to justices of the peace, *exclusive* jurisdiction to the amount limited by the constitution, and that the district court could not exercise concurrently a jurisdiction under one hundred dollars.

We think this a violent construction of the constitution.

Nelson *v.* Gray.

By the constitution, the district courts have jurisdiction in all civil and criminal matters in their respective districts. This power may be exercised in all cases where the amount claimed is under one hundred dollars, as well as in cases where the demand is over. In the former, neither court has exclusive, but each, concurrent jurisdiction. The legislature may by law regulate the practice and proceedings in the district courts, and in this way provide the mode of exercising the jurisdiction, but cannot curtail or restrict the power conferred by the constitution.

If there is an apparent conflict between the clause in relation to the jurisdiction of district courts, and that of justices of the peace, each if possible should be so construed as to preserve the force and harmony of both.

As well might we say, that the jurisdiction of the district courts in all sums under one hundred dollars, is exclusive, because it extends to all civil matters, as to place that construction upon the same language in relation to the jurisdiction of justices' courts. The same reason exists for the one as the other, and hence such a construction upon either clause would be violent, unsound and erroneous. But by giving to each court a concurrent jurisdiction to the extent conferred upon justices of the peace, the harmony of these provisions of the constitution is fully preserved, and the manifest intention of the framers of the instrument declared and enforced.

But the court erred in rendering judgment against Nelson. From the record it appears, that the death of Nelson, was suggested and the cause continued for the purpose of making his administrator a party. This nowhere appears to have been done, and the verdict is returned against both defendants, and a judgment entered up against them which so far as the judgment against Nelson is concerned, is erroneous.

The suit being brought upon a penal bond conditioned for the performance of covenants, the verdict, if for the plaintiff, should have been for the penalty of the bond, with an assessment of damages to the amount proved to

In such case, the statute provides for a judgment for the penalty to stand for such other breaches as may afterwards happen.

Upon a verdict by the jury upon these bonds, the clerk should issue execution only for the amount of the breaches assessed, and an order to this effect should be entered of record as a part of the judgment of the case.

In this case, the penalty of the bond was eighty dollars. The jury found a verdict for forty two dollars and forty cents and judgment is rendered for the amount without regard to the penalty. As this was error, the judgment of the court will be reversed at the costs of the defendant in error, but the error being more of form than substance, not seriously affecting the rights of the plaintiffs in error, we will not award a trial *de novo*, but direct the court to enter up a judgment in legal form against Dawson, the surviving obligor in the bond.

Judgment reversed.

*J. C. Hall*, for plaintiffs in error.

